1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CCF VENTURES, LLC,                    No.  2:14-CV-0924 JAM AC

12              Plaintiff,

13       v.                               ORDER AND

14  BUTA SEKHON,                          FINDINGS AND RECOMMENDATIONS

15              Defendant.

16

17       Plaintiff CCF Ventures, LLC commenced an unlawful detainer action in Sacramento

18  County Superior Court on March 4, 2014.  Notice of Removal, ECF No. 1 at 8.  Defendant Buta

19  Sekhon removed this action on April 15, 2014, purportedly on the basis of subject matter

20  jurisdiction.  Defendant paid the filing fee in full.

21       On May 5, 2014, plaintiff filed an Ex Parte Application For Order Of Remand.  The

22  motion does not comply with Local Rule 230, and plaintiff has not requested an order shortening

23  time pursuant to Local Rule 144(e).  For the reasons that follow, however, there is no doubt that

24  remand is required and would be recommended by the undersigned even in the absence of a

25  motion.

26       The court has a sua sponte obligation to ensure that it has subject matter jurisdiction over

27  a case.  See, e.g., Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294,

28  1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of

1

1  subject matter jurisdiction at any time"); Maniar v. Federal Deposit Ins. Corp., 979 F.2d 782, 784-

2  85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it

3  lacks subject matter jurisdiction).

4     Courts "strictly construe the removal statute against removal jurisdiction," and "the

5  defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980

6  F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as

7  to the right of removal in the first instance." Id. Removal is proper only if the court could have

8  exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc.

9  v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of federal-question jurisdiction

10  is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

11  only when a federal question is presented on the face of the plaintiff's properly pleaded

12  complaint." Id.

13     Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the

14  Sacramento County Superior Court. The complaint contains a single claim for unlawful detainer.

15  In defendant's removal notice, it is asserted that the court has jurisdiction pursuant to the

16  Protecting Tenants at Foreclosure Act of 2009 ("the Act"), 12 U.S.C. §5201. Insofar as

17  defendant's argument is concerned, the Act provides protections to tenants who reside in

18  properties subject to foreclosure, including the requirement that a 90-day notice to vacate be

19  given to bona fide tenants. See SD Coastline LP v. Buck, 2010 WL 4809661, at *1 (S.D. Cal.

20  Nov. 19, 2010). Plaintiff's complaint for unlawful detainer, however, does not state claims under

21  any federal law. Rather, defendant appears to assert that his federal rights are at issue by virtue of

22  defendant's defense to the action.[1]

23  _____

24  [1] In any event, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See, e.g., Parkland Sec., Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012), adopted by 2012 WL 458433 (E.D. Cal.

25  Feb. 10, 2012); Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); Aurora Loan Servs., LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29,

26  2010). Additionally, federal district courts have concluded that the Act does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l

27  Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

28

1    Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-

2   party claim raising a federal question, whether filed in state or federal court.  See Vaden v.

3   Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th

4   Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);

5   Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l

6   Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint

7   indicates that the only cause of action is one for unlawful detainer, which arises under state law

8   and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction

9   under 28 U.S.C. § 1331 does not exist.

10    Based on the foregoing, IT IS HEREBY ORDERED that the May 7, 2014 hearing on

11   plaintiff's motion for remand is vacated from calendar; and

12    IT IS HEREBY RECOMMENDED that plaintiff's motion for an order of remand, ECF

13   No. 3, be granted and this action be remanded to the Sacramento County Superior Court for lack

14   of subject matter jurisdiction.

15    These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

19   document should be captioned "Objections to Magistrate Judge's Findings and

20   Recommendations."  Any response to the objections shall be filed with the court and served on all

21   parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

22   objections within the specified time may waive the right to appeal the District Court's order.

23   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

24   (9th Cir. 1991).

25   DATED: May 2, 2014

26

27   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

28

3